FILED

09/23/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0068

DA 25-0068

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 217N

IN RE THE MARRIAGE OF:

RAVEN ROSE SCHLINGER.

Petitioner and Appellee,

and

RUSSELL TODD SEAL,

Respondent and Appellant.

APPEAL FROM: District Court of the Second Judicial District,
In and For the County of Butte-Silver Bow, Cause No. DR-23-213
Honorable Robert J. Whelan, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Russell Todd Seal, Self-Represented, Butte, Montana

For Appellee:

Raven Rose Schlinger, Self-Represented, Butte, Montana

Submitted on Briefs: August 27, 2025

Decided: September 23, 2025

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Russell Seal appeals from the Montana Second Judicial District Court dissolution order that distributed certain marital property to Raven Schlinger. Russell challenges the Special Master's finding of fact regarding ownership of a dog named Tank and asserts the division of property was inequitable.

¶3 Russell and Raven married in December 2016, separated in August 2023, and Raven filed for divorce in November 2023. The couple acquired numerous automobiles, a dog named Tank, and other personal property during the marriage.

¶4 The District Court appointed a Special Master pursuant to M. R. Civ. P. 53 to facilitate the dissolution and distribution of property. Each party requested the Special Master to award Tank to them and submitted documents supporting their request. The Special Master filed a report with the District Court recommending that Raven receive Tank. The Special Master explained that Tank's veterinary records indicated that only Raven cared for and owned Tank. The Special Master did not find the signed, unnotarized bill of sale that stated Russell purchased Tank probative because the veterinary records also indicated Russell never took Tank to the veterinary clinic and was not registered as Tank's owner.

2

¶5    The Special Master filed an amended report on July 3, 2024, after receiving additional information regarding Tank and the couple's vehicles. Russell provided a copy of the bill of sale he had previously produced except it was now notarized on June 27, 2024, and stated Russell purchased Tank in March 2021. The Special Master still recommended that Raven should receive Tank because she found the veterinary records and other information regarding who cared for Tank indicated Raven owned and cared for Tank after March 2021. Regarding the distribution of their vehicles, the Special Master recommended that Russell receive the 2001 Chevy Suburban rather than the 1991 Denali because the Suburban's title listed Russell as a co-owner, the Suburban was the only operable vehicle he had, and he relied on the vehicle to get to work.

¶6    Russell objected to the Special Master's recommendation that Raven receive Tank. Raven objected to the Special Master's recommendation that Russell receive the 2001 Chevy Suburban. The District Court conducted a hearing to address the parties' respective objections. Each party appeared pro se and each testified on their own behalf. The parties gave conflicting statements regarding who purchased and cared for Tank as well as to how the couple acquired the 2001 Chevy Suburban. Raven stated she had a video substantiating her testimony regarding the purchase of Tank but did not submit the video to the District Court despite being given the opportunity to do so.

¶7    The District Court issued a dissolution decree on January 13, 2025, that distributed the marital estate as recommended in the Special Master's amended report.

3

¶8 In a nonjury action, M. R. Civ. P. 53(e)(2) requires a district court to "accept the master's findings of fact unless clearly erroneous." "A finding is clearly erroneous if it is not supported by substantial evidence, if the Master misapprehended the effect of the evidence, or if [the reviewing court's] review of the record convinces the reviewing court that the Master made a mistake." *In re G.J.A.*, 2014 MT 215, ¶ 21, 376 Mont. 212, 331 P.3d 835 (citations omitted). "If the findings [of fact] are not clearly erroneous, the court's division of property will be affirmed absent an abuse of discretion." *In re Marriage of George & Frank*, 2022 MT 179, ¶ 32, 410 Mont. 73, 517 P.3d 188 (citation omitted).

¶9 Russell argues the District Court erred by awarding Tank to Raven as recommended by the Special Master. Russell argues the District Court erred because Raven failed to produce the video that allegedly showed she was present when the couple purchased Tank.

¶10 The District Court received testimony from Russell and Raven regarding who should receive Tank. Russell stated that Raven's name only appeared on the veterinary records because Raven registered herself as Tank's owner without his knowledge. Raven claimed that Russell told her to get Tank chipped and registered in her name. Raven and Russell also gave diverging accounts as to the circumstances under which Tank was purchased.

¶11 Although the parties submitted conflicting evidence regarding the purchase and ownership of Tank, "conflicting [evidence] does not establish clear error." *See In re G.J.A.*, ¶ 23. A reasonable mind could conclude that Raven owned Tank based on the veterinary records, the credibility of the bills of sale, and Raven's testimony. *In re J.H.*, 2016 MT 35,

4

¶ 24, 382 Mont. 214, 367 P.3d 339 (citation omitted) ("Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion, even if weak and conflicting."). The District Court did not err by adopting the Special Master's findings.

¶12 Russell alternatively argues that if the District Court did not err by adopting the Special Master's finding regarding Tank, the District Court inequitably distributed the marital estate. Russell asserts the court should have awarded him the two vehicles that Raven received and ordered Raven to pay him $1,250 to compensate him for half the purchase price of Tank.

¶13 "Section 40-4-202, MCA, 'vests the district court with broad discretion to apportion the marital estate in a manner equitable to each party under the circumstances.'" *Hutchins v. Hutchins*, 2018 MT 275, ¶ 30, 393 Mont. 283, 430 P.3d 502 (quoting *In re Marriage of Funk*, 2012 MT 14, ¶ 6, 363 Mont. 352, 270 P.3d 39). "An equitable division of the marital estate does not necessarily require an equal or 50/50 split of marital assets, liabilities, or net value." *In re Marriage of Elder & Mahlum*, 2020 MT 91, ¶ 9, 399 Mont. 532, 462 P.3d 209 (citations omitted).

¶14 The District Court heard testimony regarding who purchased, cared for, and had the means to care for Tank. The District Court heard Russell and Raven dispute about who paid for the 2001 Chevy Suburban as well as the evidence the Special Master relied upon in recommending that Russell receive the vehicle. The District Court also considered the property division recommendations that did not receive any objection.

¶15 The District Court ultimately determined it was equitable to distribute Tank, the vehicles, and other personal property as recommended by the Special Master. Our review of the record does not convince us the District Court abused its discretion. *E.g.*, *Hutchins*, ¶ 54 (holding the district court did not err by separating dogs who were siblings because it was equitable to award a dog to each spouse).

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ CORY J. SWANSON
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE